## MORGAN v. KEENAN.

A decree which, apart from its reasoning, simply adjudged "that the cause remain on the docket until the report of the receiver herein and until the further order of this court," is not appealable.

Before NORTHROP, J., Union, June, 1876.

The decree in this case, after expressing the opinion of the judge upon some of the issues involved, concluded as follows: "The receiver was appointed under these proceedings at the suggestion of the plaintiffs and by consent of the defendants. The court is therefore not prepared to dismiss the bill, nor yet prepared for a final order. It is therefore ordered and adjudged, that the cause remain on the docket until the report of the receiver herein, and until the further order of this court."

From this decree both parties appealed.

*Messrs. Bobo & Carlisle* and *J. S. R. Thomson,* for plaintiffs.

Arguments of *J. H. Rion* and *J. B. Steedman,* both deceased, were read for defendants.

August 18, 1887.    The opinion of the court was delivered by

MR. JUSTICE NORTON (who sat in the stead of the Chief Justice, who had been of counsel in the cause). This action was commenced in equity by a creditor's bill, filed February 9, 1867, by plaintiffs, as holders of $7,000 of the bills of the Cotton Planters Loan Association of the 5th Congressional District of S. C. It alleges the formation of the association, the misconduct of the directors, the refusal of some subscribers to pay the stock subscribed by them, the issuing, holding, falling due, and non-payment on demand of said bills, and the forfeiture of the charter of the association. It prays that the directors and stockholders of the association, and "all others that in the progress of the case may be found to in any way withhold from plaintiffs that which is justly due may be made parties, that the association be put in liquidation," &c.

On August 20, 1869, Judge Thomas dismissed the bill on demurrer on the ground that the organization of the association was intended to aid the war then being waged against the United States. This judgment was reversed on appeal. 1 *S. C.,* 327. Judge Thomas granted two orders in the case, the 1st, on April 24, 1869, prior to the dismissal on demurrer, referring it to the clerk to make

a full statement of the amounts due by the association, of the amounts of cotton subscribed and not accounted for by the defendants as members of the association, and of the amounts owing to the association, by whom, and whether such debtors were solvent, reserving the equities of the defendants; and the 2nd, on September 7, 1871, appointing R. W. Shand, Esq., receiver of the property of the association, with the right to call in its debtors and settle with them by suit or otherwise, at the earliest possible term, and directing him not to sue persons "that are known to be unable to pay," and make his report to this court. On September 10, 1873, the clerk reported the creditors and debtors of the association as required by order of April 24, 1869.

The case was heard by Judge Northrop at June term, 1876, and he, on September 20, 1876, filed his order, wherein, after reciting the proceedings in the action and discussing and stating his views on certain legal propositions, he concludes: "It is therefore ordered and adjudged, that the cause remain on the docket until the report of the receiver herein and until the further order of this court." It is to this order that both plaintiffs and defendants have excepted and from which they appeal.

In our opinion the order is not appealable. It is merely for the continuance of the action. It is not an intermediate judgment, order, or decree involving the merits. It could not possibly fall under any other head of matter which is appealable. The reasons given by the judge are no part of his order, and this court is not to be considered as affirming or disaffirming their correctness, nor the correctness of any legal views expressed by the judge in the discussion leading up to the order; these reasons and views are not now properly before us for decision.

The judgment of this court is, that the appeals herein be dismissed without prejudice to the parties.